# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 8:00-cv-00267-AHS (JDEx) | Date | September 30, 2019 |
|---|---|---|---|
| Title | WRS, Inc. v. Amazing Fantasy Entertainment, Inc., et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order Denying Application [Dkt. 48]

    On September 20, 1999, Plaintiff WRS, Inc. filed a Certification of Judgment from the United States District Court for the Western District of Pennsylvania (WDPA), certifying a money judgment in favor of Plaintiff and against defendants Amazing Fantasy, Inc., Full Moon Entertainment, Inc. and Charles R. Band ("Band"). Dkt. 1. The case was reassigned and issued its current case number on March 15, 2000. Dkt. 10. On May 15, 2000, the Honorable Alicemarie H. Stotler, United States District Judge, issued an order amending the Judgment to add an additional defendant. Dkt. 19. The docket reflects that various enforcement proceedings took place in 2000 and 2001, including a judgment debtor examination of Band that proceeded on February 2, 2000 (Dkt. 7) and two apparently unsuccessful attempts to proceed with subsequent judgment debtor examinations of Band on July 13, 200 and July 20, 2000, resulting in a sanction of $100 against Band for failing to appear (see Dkt. 21, 22). On March 5, 2010, the Judge Stotler granted Plaintiff's application for an assignment of rights to any payments due to Band because of Band's ownership of certain property in Italy, and "amended" the Judgment reflect additional amounts added to the original judgment by the WDPA in 2006. Dkt. 47.

    On September 17, 2019, Plaintiff filed an application for an order directing Band to appear for a judgment debtor examination. Dkt. 48 ("Application"). Plaintiff did not lodge a proposed order with the Application. As the previously assigned magistrate available is no longer available, on September 26, 2019, the matter was reassigned to the current magistrate judge for any discovery or post-judgment matters referred by General Order 05-07. Dkt. 49.

    Local Rules 5-1, 5-4.4.1, 5-4.4.2, and 5-4.5 require that when a party files a document requesting a judge's signature, the party must lodge a proposed order with the document at the time of filing, must forward a word-processing version of the proposed order to the chambers email of the assigned judicial officer, and must also deliver a chambers copy of the proposed order. Here,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:00-cv-00267-AHS (JDEx) | Date | September 30, 2019 |
|---|---|---|---|
| Title | WRS, Inc. v. Amazing Fantasy Entertainment, Inc., et al. | | |

the current magistrate judge was reassigned to the case on September 26, 2019. As of the date of this Order, the assigned magistrate judge has not received either the chambers copies required by Local Rule 5-4.5 or the electronic word-processing version of the proposed order as required by Local Rule 5-4.4.2. In addition, the docket does not reflect that a proposed order was filed or lodged as required by Local Rule 5-4.4.1.

As a result, the Application (Dkt. 48) is DENIED, without prejudice to its refiling, along with a lodged and properly forwarded proposed order. Counsel is encouraged to confer with the assigned magistrate judge's courtroom deputy to coordinate the Court's availability.

IT IS SO ORDERED.

: 

Initials of Clerk:   mba